FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
APR 15 2011
JAMES W. McCORMACK, CLERK
By: [signature] DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARY JOHNSON, NEXT OF KIN AND HEIR OF THE ESTATE OF ROY JOHNSON, JR.

Plaintiff

v.

ESTES EXPRESS LINES, INC.;
JOHN SCOTT DUNKLE

Defendants.

CASE NO: 4:11-CV-323 BRW

This case assigned to District Judge Wilson
and to Magistrate Judge Ray

**COMPLAINT**
**FOR DAMAGES AND JURY DEMAND**

COMES Mary Johnson (hereinafter referred to as "Plaintiff") on behalf of The Estate of Roy Johnson, Jr. and respectfully files this complaint seeking recovery to the full extent applicable by law under the Arkansas Wrongful Death and Survival Statutes, Ark. Code Ann. § 16-62-102 and Ark. Code Ann. § 16-62-101. Plaintiff complains of the various acts listed below and for the wrongful death causes of action which would show the Court and Jury as follows:

## I. PARTIES

1. Plaintiff brings this action on behalf of her deceased husband, Roy Johnson, Jr. (hereinafter referred to as "Decedent"), a resident of the State of Tennessee.

2. John Scott Dunkle (hereinafter referred to as "Defendant Dunkle"), a resident of the State of Pennsylvania, was the driver of a semi truck-trailer involved in the

accident in question.

3. Estes Express Lines, Inc. (hereinafter referred to as "Estes Express") is a full-service transportation company based in Richmond, Virginia, employing approximately 13,000 people and running a fleet of nearly 30,000 tractors and trailers. This corporation may be served through its registered agent, Corporation Service Company, at 300 Spring Building, Suite 900, 300 South Spring Street in Little Rock, Arkansas 72201. Upon information and belief, Estes Express is employer of Defendant Dunkle and owner of the semi truck-trailer driven by Defendant Dunkle.

4. All Defendants may, at times, be referred to collectively as "Defendants."

## II. JURISDICTION AND VENUE

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between Plaintiff and Defendants.

6. This Court has jurisdiction over Defendants because Defendants have availed themselves to the laws of this state as they are licensed to do business in Arkansas and have a hub located at 8205 Zeuber Road, Little Rock, Arkansas. Plaintiff will, therefore, show that Defendants engaged in activities constituting business in Arkansas.

7. Venue is also proper pursuant to 28 U.S.C. §1391 because all or a substantial part of the events or omissions giving rise to this action occurred in Prairie County, Arkansas.

## III. FACTS

8. On April 8, 2011, at approximately 1:30P.M., Decedent was involved in a fatal accident on Interestate-40 ("I-40") near the De Valls Bluff Exit in Prairie County, Arkansas when he was hit by Defendant Dunkle. Defendant Dunkle was headed westbound when he crossed the median into the eastbound lanes and plowed into

Decedent's vehicle head-on. The collision resulted in a fire and, ultimately, the Decedent's death. Defendant Dunkle was driving for his employer, Estes Express. Decedent was also driving for his employer, Ryder System, Inc., a transportation, logistics and supply company. Both parties were driving 18-wheeler truck-trailers believed to be owned by their respective employers.

9. The collision is currently being investigated by Kurt Ziegenhorn of the Arkansas State Police, Prairie County, Troop D. (See *Arkansas State Police Preliminary Fatal Crash Report,* attached hereto as **Exhibit "A"** and made a part hereof). A copy of Trooper Ziegenhorn's investigation report is forthcoming.

**IV. NEGLIGENCE**

10. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

11. Defendants had a duty to exercise the degree of care that a reasonable person would use to avoid harm to others under circumstances similar to those described herein. Decedent's injuries were proximately caused by Defendants' negligent, careless and reckless disregard of said duty.

12. The negligent, careless and reckless disregard of duty of the Defendants include the following acts and omissions:

a. Failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances.

b. Failing to apply brakes to their vehicle in a timely manner to avoid the collision in question.

c. Failing to apply the brakes to their vehicle to avoid the collision in question.

d. Failing to drive their vehicle at a rate of speed that was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances.

e. Failing to avoid the collision in question.

f. Failing to stop, yield, and grant the privilege of immediate use of the intersection in obedience to a stop sign erected by public authority.

g. Failing to control speed.

h. Failing to be properly attentive.

I. Failing to take proper evasive action.

j. Failing to maintain sufficient fire deterrent equipment.

13. Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiff' injuries and damages.

**V. RES IPSA LOQUITUR**

14. Plaintiff incorporate the preceding paragraphs as if fully set forth herein. Additionally, and in the alternative, Defendants are liable to Plaintiff for the damages resulting from the wrongful death of Roy Johnson under the theory of *res ipsa loquitur*. The decedent's death was caused by an instrumentality within the exclusive control, management and supervision of Defendants and their agents, servants, and employees.

15. Plaintiff would further show that an occurrence such as this does not ordinarily happen unless the persons or entities in control fail to exercise that degree of ordinary care to which Plaintiff and Decedent were entitled to expect. This raises a legal inference that the Defendants, through their agents, servants, or employees, failed to

exercise ordinary care under the circumstances, entitling the jury to conclude that Defendants, their agents, servants, or employees were, in fact, negligent, and Plaintiff therefore relies upon the legal doctrine of *res ipsa loquitur*, meaning "the thing speaks for itself."

16. Further, Defendants should be required to come forward, and try to disprove, if they can, their failure to exercise ordinary care herein. All of the foregoing conduct, both of omission and commission, on the part of Defendants, constituted proximate causes of the injuries and damages to Plaintiff herein, for which Defendants are jointly and severally liable.

## VI. NEGLIGENT ENTRUSTMENT

17. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

18. On the date of the incident in dispute, Estes Express was the owners and/or operators of the vehicle driven by Defendant Dunkle. Defendants entrusted the vehicle to Dunkle, a reckless and incompetent driver. Defendants knew, or through the exercise of reasonable care should have known, that Defendant Dunkle was a reckless and incompetent driver, or unlicensed in the United States. As described herein, Defendant Dunkle was negligent on the occasion in question. Further, Defendant Dunkle's negligence was the proximate cause of Plaintiff' damages.

19. Defendants knew, or in the exercise of due care should have known, that its employee or agent was an incompetent and unfit driver and would create an unreasonable risk of danger to persons, passengers, and property on the public streets and highways of Arkansas, in that Defendant's employee was incompetent at the time of the entrustment as alleged above.

## VII. WRONGFUL DEATH

20. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

21. Pursuant to Ark. Code Ann. § 16-62-102, Plaintiff is entitled to recover from Defendants the actual damages attributable to the wrongful death of Decedent. Plaintiff is also entitled to recover mental anguish damages. Further, because Defendants' acts and omissions resulted from gross negligence, exemplary damages should be awarded against Defendants in an amount to be determined by the jury in this case.

## VIII. SURVIVAL

22. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

23. Pursuant to Ark. Code Ann. § 16-62-102, this action for the injuries sustained by Decedent survives her death. This statute permits Plaintiff (in her capacity as Adminstratrix, an authority which Plaintiff will seek) to prosecute and recover compensatory and exemplary damages for the claims set forth above. Accordingly, Plaintiff seeks such damages under Ark. Code Ann § 16-62-102.

## IX. GROSS NEGLIGENCE

24. Plaintiff incorporate the preceding paragraphs as if fully set forth herein.

25. Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.

26. Defendants' had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

## X. VICARIOUS LIABILITY

27. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

28. On the date of the incident in dispute, Estes Express was owner of the vehicle driven by Defendant Dunkle.

29. On the date of the incident in dispute, an employer-employee relationship existed between Estes Express and Defendant Dunkle.

30. At the time of the accident Defendant Dunkle was operating within the scope of his employment with Estes Express and his tortious acts were committed within said scope.

31. Estes Express is, therefore, vicariously liable under the doctrine of *respondeat superior*.

## XI. DAMAGES

32. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

33. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff suffered substantial damages, including the following:

a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Prairie County, Arkansas;

b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c. Physical pain and suffering in the past;

d. Physical pain and suffering in the future;

e. Physical impairment in the past;

f. Loss of future earning capacity;

g. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

h. Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

i. Loss of Parental Consortium in the past, including damages to the parent child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

j. Loss of Household Services in the past;

k. Loss of Household Services in the future;

l. Disfigurement in the past;

m. Disfigurement in the future;

n. Mental anguish in the past;

o. Mental anguish in the future.

34. To limit what a jury can ultimately award to Plaintiff, it is anticipated the Defendants will file a motion with the court demanding that Plaintiff amend her

pleadings and state an absolute maximum amount of damages sought in this case, even though Plaintiff believes that such an act impermissibly invades the province of the jury and that in making this demand, Defendants pleadings suggest that jurors are unable to carry out their constitutional duty to decide this case based upon the facts and arrive at a full and fair measure of damages suffered by Plaintiff.

35. Plaintiff will intermediately comply with Defendants' likely demand and so that no unwarranted restrictions are placed on the jury's ability to fairly decide the case, and in light of the recent trend of juries to award high compensatory damages in cases of this nature (not even considering the element of punitive damages), Plaintiff pleads in anticipated response to Defendants' demand that actual damages do not exceed $20,000,000.00.

36. Furthermore, the law affords an award of punitive damages as the sole vehicle for the civil punishment of a company. In other words, in this context, the law recognizes that it is impossible to put a company in jail; consequently, the law provides punitive damages to punish a company in certain situations. In this regard, Plaintiff acknowledges that it is the jury's responsibility to take part in the process by which corporations may be punished, and that in doing so, the jury is called upon to consider not only the egregious nature of Defendants' conduct, but the effect which an award of punitive damages will likely have upon these particular Defendants.

37. Plaintiff pleads the maximum amount of punitive damages allowed by law. Such amount is pled by Plaintiff due to the egregious nature of Defendants' conduct, Defendants' willful disregard for the life of the Decedent, and Defendants' substantial financial wealth, inasmuch as the jury is asked to consider that an award of especially

significant damages will have a negative economic effect on Defendants' business which would, in turn, have the positive effect of deterring Defendants and others like Defendants from operating their financially successful business at the expense of the lives of others.

38. Furthermore, because Defendants' knew or ought to have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in injury or damage and continued the conduct with malice or in reckless disregard of the consequences, from which malice may be inferred, Plaintiff is entitled to an award of punitive damages.

## XII. JURY DEMAND

39. Plaintiff demands that all issues of fact in this case be tried to a properly impaneled jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court and exemplary damages, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**KELLEY|WITHERSPOON, LLP**

Kevin Kelley
Ark. Bar No. 2010089
2614 Main St.
Dallas, Texas 75226
(972) 850-0500
(972) 850-0400 (fax)
kelley@kwlawyers.com
Britt Cannon Johnson
Ark. Bar No. 2008059
1700 Broadway St.
Little Rock, Arkansas 72206
(501) 225-5669
(501) 225-5670 (fax)
johnson@kwlawyers.com

*ATTORNEYS FOR PLAINTIFF*

# Arkansas State Police

## Preliminary Fatal Crash Summary



Back To Summary Links

**Fatal#:** 140 **Date Rec'd:** 04/13/2011 **Time Rec'd:** 148pm **Operator #:** 3802

**Accident #:** 126 **Station Sending** SPTD **Date:** _ **#(1) Killed** **#(2) Injured**

**Date of Accident:** 04/08/2011 **Time of Accident:** 126pm **Location:** I-40E @ 194MM

**City:** _ **County:** PRAIRIE



### KILLED

| Name (Vehicle #) | DOB | Residence | M/F | Driver | Passenger | Pedestrian | Seat Belt In Use: Yes | No | Don't Know |
|---|---|---|---|---|---|---|---|---|---|
| ROY JOHNSON JR (3) | 10/25/1657 | 4468 WISPERING BEND MEMPHIS TN | M | X | | | | | X |



**Additional Killed**

### INJURED

| Name (Vehicle #) | DOB | Residence | M/F | Driver | Passenger | Pedestrian | Seat Belt In Use: Yes | No | Don't Know |
|---|---|---|---|---|---|---|---|---|---|
| ALISA HUNT (2) | 09/11/1953 | 8734 BARCLAY ST DALLAS TX | F | X | | | | X | |
| CECIL HUNT (2) | 12/23/1957 | 8734 BARCLAY ST DALLAS TX | M | | X | | X | | |

**Additional Injured**

| Vehicle | Year | Direction | Hwy. | Vehicle | Year | Direction | Hwy. |
|---|---|---|---|---|---|---|---|
| 1. INTL | 2005 | WEST | I-40 | 2. CHEV HHR | 2006 | EAST | I-40 |
| 3. FRHT | 2009 | EAST | I-40 | 4. CHEV PK | 2005 | WEST | I-40 |



EXHIBIT A

**Additional Vehicles**

**What Happened?** V-1 WAS WESTBOUND ON I-40 AND V-3 WAS EASTBOUND. V-1 CROSSED THE MEDIAN INTO THE EASTBOUND LANES AND STRUCK V-3 HEAD ON RESULTING IN A FIRE. V-2 WAS EASTBOUND AND WENT INTO THE SOUTH DITCH TO AVOID COLLIDING WITH V-1. V-4 WAS WESTBOUND AND WAS STRUCK BY DEBRIS FROM COLLISION OF V-1 AND V-3. DRIVERS OF V-1 AND V-4 WHO WERE NOT INJURED WERE JOHN DUNKLE DOB 122461 OF SENECA PA AND STACY STATON DOB 101684 OF JACKSONVILLE AR.

**Weather Condition:** CLEAR

**Road Condition:** DRY

**Injured Taken To:** STUTTGART HOSPITAL

**Body Held At:** STATE CRIME LAB

**NOK Notified** Yes

**Investigating Officer:** TRP KURT ZIEGENHORN 501

**Agency:** ASP



© 2006 Arkansas State Police. All Rights Reserved.