IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MARY JOHNSON, Next of Kin and Heir**
**to the Estate of Roy Johnson, Jr.**                                         **PLAINTIFF**

v.                                      4:11CV00323-BRW

**ESTES EXPRESS LINES INC. and**
**JOHN SCOTT DUNKLE**                                                  **DEFENDANTS**

<u>**ORDER**</u>

Pending is Defendants' Motion to Dismiss (Doc. No. 2).  Plaintiff has responded.[1]  As set out below, the Motion is GRANTED.

Plaintiff brings this action under Arkansas's wrongful death[2] and survival[3] statutes as the surviving spouse of the decedent, Roy Johnson, Jr.  As she concedes, however, Plaintiff is not the personal representative of Mr. Johnson's estate at this time.[4]  The personal representative of an estate must be the party to bring both a survival action[5] and a wrongful death action.[6]

---

[1] Doc. No. 4.

[2] Ark. Code Ann. § 16-62-102.

[3] Ark. Code Ann. § 16-62-101.

[4] In fact, the estate's personal representative has filed a complaint in the Circuit Court of Prairie County, Arkansas.  (Doc. No. 3-3.)

[5] *See* Ark. Code Ann. § 16-62-101(a)(1) ("an action may be maintained . . . by [the decedent's] executor or administrator"); *Norton v. Luttrell*, 99 Ark. App. 109, 111, 257 S.W.3d 580, 581 ("a survival action cannot be filed by an heir but must be brought by the estate through an executor or administrator").

[6] *See* Ark. Code Ann. § 16-62-102(b) ("Every action shall be brought by and in the name of the personal representative of the deceased person."); *Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002) (where a personal representative has been appointed, "every wrongful-death action must be brought by and in the name of the personal representative").

2

Accordingly, Defendants' Motion to Dismiss for lack of standing is GRANTED.[7]  This case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 7th day of June, 2011.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[7]Even if this were considered a motion for summary judgment, as Plaintiff urges, the result would be the same.  The material fact upon which this motion turns—someone other than Plaintiff has been appointed personal representative of the estate—is undisputed.